139 F.3d 904
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
William S. GOULD, M.D., Plaintiff-Appellant,
v.
The EVERETT CLINIC, a Washington corporation; James Finley,
M.D. and Jane Doe Finley, a marital community; Richard
Cooper, M.D. and Jane Doe Cooper, a marital community;
James Pinkham, M.D. and Jane Doe Pinkham, a marital
community; Thomas Stonecipher, M.D. and Jane Doe
Stonecipher, a marital community; Brian Hallgrath, M.D. and
Jane Doe Hallgrath, a marital community; John Does, and
Jane Does 1 thru 5, and their marital communities,
Defendants-Appellees.
 No. 96-35705.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 3, 1998.**
Decided Feb. 13, 1998.
 
 Appeal from the United States District Court for the Western District of Washington, D.C. No. CV-95-00777-WLD; William L. Dwyer, District Judge, Presiding.
 Before: BRUNETTI, RYMER, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 William Gould appeals pro se the district court's summary judgment for his former employer, the Everett Clinic Co., in Gould's 42 U.S.C. § 1981 civil rights action alleging discrimination on the basis of race.[1] We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, see Eberhardt v. City of Los Angeles, 62 F.3d 1253, 1255 (9th Cir.1995), and we affirm.
 
 
 3
 Gould contends that the district court erred by granting summary judgment in favor of the Everett Clinic on Gould's Section 1981 claim that he was prevented from becoming a shareholder in the clinic and constructively discharged because he is Jewish.
 
 
 4
 To establish a prima facie case of discrimination, Gould was required to show that: (1) he was a member of a racial minority; (2) he was eligible to become a shareholder; (3) he was denied shareholder status despite his eligibility; and (4) that similarly situated non-Jewish physicians were made shareholders. See McDonnell Douglas, Corp. v. Green, 411 U.S. 792, 802 (1973).
 
 
 5
 Here, it is undisputed that Gould did not ask to become a shareholder. Gould presented no evidence that similarly situated non-Jewish physicians became shareholders. Accordingly, Gould failed to establish his prima facie case of discrimination.
 
 
 6
 A constructive discharge occurs when, looking at the totality of the circumstances, a reasonable person in the employee's position would have felt that he was forced to quit because of intolerable and discriminatory working conditions. See Satterwhite v. Smith, 744 F.2d 1380, 1381 (9th Cir.1984).
 
 
 7
 Gould has offered only conclusory allegations of religious discrimination and has not established that a reasonable employee would have felt forced to quit because of intolerable and discriminatory circumstances. See Forsberg v. Pacific Northwest Bell Telephone Co., 840 F.2d 1409, 1418-19 (9th Cir.1988) (plaintiffs can not rely on conclusory allegations to establish discrimination). Accordingly, the district court properly granted summary judgment for the defendants.
 
 
 8
 Gould contends that this court should construe his claim as one for religious discrimination under 42 U.S.C. § 2000 (Title VII). This court declines to consider this claim because it was raised for the first time on appeal. See Komatsu v. Steamship Co., 674 F.2d 806, 812 (9th Cir.1982).
 
 AFFIRMED.[2]
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R. 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 The Supreme Court has held that Jewish ancestry is a race for purposes of § 1981. Saint Francis College v. Al-Khazaraji, 481 U.S. 604, 611-613 (1987)
 
 
 [2]
 Because Gould failed to raise his tort and breach of contract claims in his opening brief, these claims are abandoned. See Eberle v. City of Anaheim, 901 F.2d 814 (9th Cir.1990) (claims not addressed in the appellant's brief are deemed abandoned)